UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 19-259-01/02 |
| VERSUS | JUDGE DONALD E. WALTER |
| MARTY JOHNSON<br>KEESHA DINKINS | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court are two motions entitled "Motion For Stay Of Execution Of Restitution Sentence" filed by Defendant, Marty Johnson ("Johnson") and by Defendant, Keesha Dinkins ("Dinkins"). See Record Documents 183 and 185. The Government opposes the motions. See Record Documents 188-189.

The Defendants contend that "[t]he appeal in this case is not for the purpose of delay, but rather raises a substantial question of law which is likely to result in reversal of the sentence of restitution, namely whether the government established the restitution amount in the sentence by a preponderance of the evidence." Record Document 183 at 1; see also Record Document 185 at 1. Both Defendants suggest that an injunction ordering them not to dispose of any assets will ensure compliance with the restitution order after disposition of the appeals, in accordance with applicable Federal Rule of Criminal Procedure 38(e).[1] However, neither Defendant alleged any irreparable harm or any other special circumstances that would warrant staying the execution of payment of fines and restitution in this case. See United States v. Roller, No. 13-37, 2017 WL

---

[1] Notably, Defendant Marty Johnson has already engaged in attempting to dissipate his assets. The Presentence Report identified $64,302.44 in Johnson's personal checking account at JPMorgan Chase (Record Document 180 at 13). This Court ordered a prejudgment garnishment of this account (Record Document 160) but by the time the garnishee answered, Johnson's account only had a balance of $1,262.11. See Record Document 188, Ex. 1.

2983092 (W.D. La. July 11, 2017); United States v. Ajegbo, No. 94-240, 1995 WL 258257 (E.D. La. May 2, 1995). Furthermore, neither Defendant has made a showing of likelihood of success on the merits. There is little chance that either Defendant can prevail on any claim against the restitution order given that each Defendant expressly agreed in the plea agreement to the precise amount of restitution. See Record Documents 141 and 143.

Based on the showing made by the Defendants, there is no reason why collection of restitution should not proceed. A sentencing order of restitution is a final judgment, notwithstanding any appeal of the order that may occur. See 18 U.S.C. § 3664(o). Accordingly;

**IT IS ORDERED** that the motions to stay execution of the restitution sentences (Record Documents 183 and 185) are **DENIED**.[2]

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 16th day of May, 2022.

*/s/ Donald E. Walter*
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that in similar cases, the Government indicated that the funds would be held by the Clerk of Court or by the Government until the appeal was complete.